# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------
GABRIEL FRANCIS,

                         Plaintiff,                    Index No.

                                                                    SUMMONS

                -against-

BLUESTEM BRANDS (DBA) FINGERHUT,

                        Defendants.

-------------------------------------------------------------------

To the above named Defendant(s):

      Y O U   A R E   H E R E B Y   S U M M O N E D to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York). In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of the venue designated is Plaintiff's address.


Dated:  April 3, 2017


Edward B. Geller, Esq., P.C.    To:  Bluestem Brands (DBA) Fingerhut
Attorney for Plaintiff                    Defendant
15 Landing Way                           6509 Flying Cloud
Bronx, New York   10464            Eden Prarie, M  55344
Tel:(914)473-6783

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---------------------------------------------------------------X

GABRIEL FRANCIS,                                  Civil Action No.:

                           Plaintiff,
      -against-                              **COMPLAINT FOR VIOLATIONS**
                                             **OF THE TELEPHONE**
                                             **CONSUMER PROTECTION ACT**

BLUESTEM BRANDS (DBA) FINGERHUT

                          Defendant(s).                    **DEMAND FOR JURY TRIAL**

---------------------------------------------------------------X

## INTRODUCTION/PRELIMINARY STATEMENT

      Plaintiff GABRIEL FRANCIS ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C.,

by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant BLUESTEM BRANDS

(DBA) FINGERHUT, (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon

information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

      1.    Plaintiff brings this action on his own behalf for damages and declaratory
             and injunctive relief arising

from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the

Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of the United States and the State of New York,

which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq.

("TCPA") and its related regulations,

including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations

and orders issued by the

Federal Communications Commission to implement and enforce the TCPA, the

telemarketing regulations issued by the

Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

**PARTIES**

3. Plaintiff GABRIEL FRANCIS is a resident of the State of New York, residing at 178 Lott Street,

Brooklyn, NY 11226.

4. Defendant (s), BLUESTEM BRANDS (DBA) FINGERHUT has a Corporate Headquarters located

at 6509 FLYING CLOUD, EDEN PRAIRIE, MN 55344.

5. The within causes of action arose in the County of Kings, State of New York.

**FACTUAL ALLEGATIONS**

6. Plaintiff repeats, reiterates and incorporates the allegations contained in

paragraphs numbered "1" through "5"

herein with the same force and effect as if the same were set forth at length herein.

7. On or about August 20th 2016, Defendant began communicating with the Plaintiff by placing autodialed calls to the Plaintiff's cell phone number of 518-788-4066 almost on a daily basis. The calls being placed to the Plaintiff's cell were intended for another person.

8. On September 12th 2016 the Defendant called the Plaintiff from (866) 625-7291 twice in one day, once at 12:50pm then again at 8:50pm.

9. Since the start of the calls there has been at least 150 calls made to the plaintiff.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone

service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

12. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.
See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection Serv., Inc.*, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call.
For example, in *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio

common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading 'any service for which the called party is charged for the call' as an additional item beyond any call to a 'paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

13. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

14. With the autodialed calls to Plaintiff's telephone commencing on or about August 2016 and continuing at a rate of approximately (150) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

15. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely

communication with a consumer could prevent considerable consumer harms from

occurring or, in the case of the remediation calls,

could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph

139, (3) and (7) "In light of these considerations,

we adopt the following conditions for each exempted call (voice call or text message)

made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras.

129-137 above and must not include any

telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

    16.    Defendant is in violation of the TCPA paragraphs 139 (3) for, upon

information and belief, having used their calls

for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone

communications despite Plaintiff's clear,

unequivocal and repeated requests that such automatic calls cease.

    17.    Defendant violated various provisions of the TCPA, including but not

limited to 47 USC §227(b)(A)(iii).


### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

    A.    For trebled damages to be awarded to the Plaintiff in accordance

with the TCPA, for each of the Defendant's

willful or knowing violations of the TCPA, in the amount of $225,000.00;

    B.  A declaration that the Defendant's practices violated the TCPA;

    C.  For any such other and further relief, as well as further costs,

expenses and disbursements of this action, as this Court may deem just and proper.

Dated:  April 3, 2017

            Respectfully submitted,

            _____
            EDWARD B. GELLER, ESQ.
            EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

            M. HARVEY REPHEN & ASSOCIATES, P.C.
            15 LANDING WAY
            BRONX, NEW YORK 10464
            TEL:(914)473-6783

            *Attorney for the Plaintiffs',*
            GABRIEL FRANCIS

  To: BLUESTEM BRANDS (DBA) FINGERHUT
     6509 FLYING CLOUD
     EDEN PRAIRIE, MN 555344

# COMPLAINT

---

Edward B. Geller, Esq., P.C., Of Counsel to
*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*15 Landing Way*
*Bronx, New York 10464*
*Phone:    (914)473-6783*

## ATTORNEY AFFIRMATION

I, the undersigned, an attorney admitted to practice in the courts of New York State, state that I am the attorney of record for Plaintiff Gabriel Francis in the within action. I have read the foregoing Summons and Complaint and same is true to my own knowledge, except as to the matters stated to be alleged on information

and belief, and as to those matters I believe it to be true, and the reason

this Affirmation is made by deponent and not by the Plaintiff is because records belonging to Plaintiff are in my possession. The grounds of deponent's belief as to all matters not stated upon deponent's knowledge

are communications with the Plaintiff and copies of Plaintiff's records in my possession.

I affirm that the foregoing statements are true, under the penalty of perjury.

Dated: April 3, 2017

_____

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.